The decree of the court below will accordingly be reversed, and the cause remanded.

*Reversed and remanded.*

---

BROADUS *v.* STATE *ex rel.* COWAN, DISTRICT ATTORNEY.

(Division A. June 25, 1923.).

[96 South. 745. No. 23336.].

OFFICERS. *Acceptance of office of school trustee does not vacate office of supervisor.*

The office of school trustee is an administrative office, having executive or ministerial and *quasi*-judicial duties, and is not an office the acceptance of which by one holding the office of supervisor vacates the latter office under Constitution, 1890, article 1, section 2, providing that acceptance of office in one deparment of the government vacates all offices held in any other department.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

*Quo warranto* by the state, on the relation of R. C. Cowan, district attorney, against M. A. Broadus. From a judgment overruling a demurrer to the petition, defendant appeals. Reversed, and judgment entered.

*Mize & Mize,* and *J. L. Taylor,* for appellant.

This is a case originating by a *quo warranto* to oust M. A. Broadus as a member of the board of supervisors. In September, 1921, the county superintendent wrote a letter to M. A. Broadus, saying: "I have decided to appoint you trustee of Success Consolidated School." Broadus never answered this letter but helped to build the school house and signed the contract therefor as trustee, as well as acted in the engaging of teachers for the school, but never took any oath of any kind concerning the office of

trustee nor ever executed any bond. It is contended by the petitioners that the office of school trustee belongs to one of the three departments and that the office of board of supervisors belongs to another, and that, therefore, the acceptance of the office of school trustee, *ipso facto*, vacates the office of supervisor, under Mississippi Constitution, article 1, section 2.

We contend that it manifestly appears from section 210 of the Constitution that a teacher or trustee is not a public officer as provided by the Constitution by the very terms of the Constitution itself. If, a trustee of the public schools should be held to be a public officer it follows that unless he would qualify as provided by law, he would simply be a *de facto* officer. 114 Miss. 527, 75 So. 378. Further section 3471, Code of 1906, provides that the oath of office of all officers whose duties are confined within the limits of the county, shall be filed in the office of the clerk of the chancery court, and section 3459 provides that a failure to qualify in the manner required by law avoids an election so that if the office of a trustee is a constitutional office and such office as is contemplated by article 1, section 2, of the Constitution, then it necessarily follows that Broadus having qualified as required by law as a member of the board of supervisors and not having qualified as provided by law in the office of trustee, therefore he would not vacate the office of the board of supervisors by accepting the office of trustee. In *State* v. *Womack,* 4 Washington 19, it was held that a trustee was an executive officer but the laws in that state are quite different from Mississippi's. Again, the term "qualification," as used in the statutes, means the taking of the required oath of office as well as giving the bond, or both, as may be required, 23 American and English Encyclopedia of Law, page 354, and citations thereunder. Section 4526 of the Code of 1906, states that no member of the board of aldermen shall be eligible to the office of trustee so that it is manifest but for this section, it would follow

that a member of the board of aldermen would be eligible, and this act was passed because in many places the custom had obtained that the members of the board of aldermen who elected trustees would elect themselves as trustees. So we contend that the office of trustee is not an office as contemplated by article 1, section 2, of the Constitution, and that the court erred in so holding that it was, and that this case ought to be reversed and dismissed.

*T. M. Evans,* for appellee.

The constitution of the state of Mississippi has divided the powers of government of said state into three distinct departments and has confided each to a separate magistracy. And under section 2, article 1, the Constitution has expressly provided that no person or collection of persons, being one or belonging to one of the departments, shall exercise any power properly belonging to either of the others, and made the acceptance of the office in either of the other departments a forfeiture of the office so held. The purpose of these provisions of the Constitution is that the people of the state shall be governed by law and not by individuals. Section 170 of the Constitution is embraced in article 6, entitled the judiciary and therefore the board of supervisors is a judicial body and the office of supervisor from any beat is a judicial office, and this office is charged with passing on all judicial matters which are required by law to be brought before it. And under our school system many matters are required to be presented to the board of supervisors as the judicial body, by the trustees and patrons of public schools. For instance under section 7352, Hemingway's Code, it is provided that on petition of the majority of the qualified electors of any rural school district the board of supervisors, which in the same manner as provided by separate school districts, shall annually levy a tax on the property of said district for the purpose of supplementing the

salaries of teachers of the district, or for extending the
school term thereof, or for both purposes. Now since the
trustees of a school are the executive officers who employ
teachers and fix their salaries, this man would be acting
in a judicial matter in making assessments, and would
be sitting on his own case. Again section 7353, Hem-
ingway's Code, provides that on petition of a school dis-
trict containing not less than twelve square miles, the
board of supervisors shall in the same manner as provided
by separate school districts, annually levy a tax on the
property of said district for the purpose of supplementing
the salaries of the teachers of the district, or for extend-
ing the school term, or for both purposes. Here again
the supervisor is acting in his judicial capacity in levying
a tax; and a trustee who was on the board of supervisors
would be acting on his own matters. And sections 7356,
7357 and 7358, also provide for the board of supervisors
to levy taxes, again acting in his own judicial capacity.
While under our Constitution a supervisor is a judicial
officer, a trustee is an executive officer. In *Ellis* v. *Reeves,*
82 Miss. 47, a suit to remove a school trustee the court
said, "We concur entirely with the court below in holding
that the trustee of a public school is an officer within the
meaning of the statute providing remedy for *quo war-
ranto.*" See also *Moreau, School Trustee,* v. *Grandich et
ux,* 75 So. 434 to 436; *State ex rel. Attorney General* v.
*Armstrong,* 44 So. 809, 810, 811; *State ex rel. Abraham
Kierskey* v. *Kelly,* 80 Miss. 803; *Haley* v. *State,* 67 So.
498-99, declares that the office of supervisor is a judicial
office, and that Haley accepted an office in the executive
department, and this of itself vacated his office as mem-
ber of the board of supervisors. The forfeiture of appel-
lant's office as supervisor is the only penalty imposed by
the constitution for accepting an office in another de-
partment of the government, and as the appellant ac-
cepted another office and proceeded to act as school trustee
without qualifying according to law, by reason of his

failure to qualify, as required by law, he only brought upon himself the penalties as provided by law. This question is clearly settled in the following cases. *Marshall et al.* v. *Hamilton*, 41 Miss. 234; *Fortenberry* v. *State*, 56 Miss. 286-87; *Kelly* v. *Wimbly*, 64 Miss. 550; *State* v. *Boykin*, 75 So. 378. The acceptance and qualification for one office vacates an office already filled by the same incumbent. *Midget* v. *Gray*, 74 S. E. 1050, 159 N. C. 443, reversing judgment on rehearing, 73 S. E. 791, 158 N. C. 133; *Whitehead* v. *Pittman*, 80 S. E. 976, 165 N. C. 89; 17 American Digest (2nd Decen.), 737. We submit that the judgment of the circuit court in this case should be affirmed.

HOLDEN, J., delivered the opinion of the court.

This is a suit by *quo warranto* to oust from office M. A. Broadus as a member of the board of supervisors on the ground that he afterwards accepted the office of trustee of a school district. From a judgment overruling the demurrer to the petition for the *quo warranto*, Broadus appeals to this court.

The determining question in the case presented for our decision is whether or not the acceptance by Broadus of the office of trustee vacated his office as supervisor, under section 2, article 1, of the Constitution.

It is contended by the appellee, relator district attorney, that the office of supervisor is in the judicial department and that of trustee is in the executive department, and that the Constitution forbids the holding of the two offices by the same person.

The opposite contention of the appellant, Broadus, is that the acceptance of the trusteeship did not vacate the office of supervisor, because: First, the office of trustee is not such a public office as contemplated by the constitutional provision separating the offices in the three departments of government; and, second, that the office of trus-

tee is not an executive office within the meaning of the constitutional provision so as to make its duties inconsistent with those of superior.

The question presented is not without difficulty. The line of demarcation between offices in one department and those in another is often troublesome to determine, because in many instances the duties of offices in different departments are so linked together and dependent upon each other as not to be wholly separate, yet they are substantially so.

We shall omit passing upon the question as to whether the trustee of a school district is a public officer, because the decision on this appeal will rest upon another ground.

We think the office of school trustee is an administrative office, and would appear to have many duties of executive or ministerial, and *quasi*-judicial character; and we are of opinion the Constitution did not contemplate the office of district school trustee as being an office in one of the departments the duties of which would be inconsistent or incompatible with the duties of an office in one of the other departments.

The duties of a trustee are not wholly executive nor entirely judicial, but the office is largely ministerial, and we see no constitutional reason why a supervisor, an office in the judicial department, though also legislative and administrative in character, cannot consistently exercise the duties of the office of school trustee, which office is not in a wholly different department of the government as meant by section 2, article 1, of our state Constitution. Therefore it is our judgment that the acceptance of the office of trustee by the appellant, Broadus, did not of itself vacate the office of supervisor held by him at the time.

It is not uncommon in our state, and elsewhere, that judicial officers accept and perform the duties of trustees for school districts and for state colleges. Governors are often empowered to do *quasi*-judicial acts.

There is no statute prohibiting the holding of these two

offices under such circumstances. Indeed, it may be that. the holding of the school trusteeship by a supervisor or other judicial officer would redound to the public good, and could not result in the evil intended to be provided against by our Constitution which separates the government into three departments. *Jackson County* v. *Neville* (Miss.), 95 So. 626.

The judgment of the lower court is reversed, and judgment entered here for the appellant.

*Reversed, and judgment here for appellant.*

CASHIN v. MURPHY.

(Division A. June 25, 1923.).

[96 South. 747. No. 23339.].

1. RECEIVERS. *Order by chancellor in vacation instructing receiver to sell property may be made in any county of court in which receivership situated.*

Under section 628, Code 1906 (Hemingway's Code, section 388), which subjects receivers to the orders, instructions, and decrees of the chancellor in vacation, it is not necessary that an order made by the chancellor in vacation instructing a receiver to sell property in his possession shall be made in the county of the court in which the receivership cause is pending, but it may be made in any county of the chancery court district in which the county of the receivership is situated.

2. RECEIVERS. *Liens against property in hands of receiver not impaired by sale where lienholders not parties.*

Where property comes into the hands of a receiver subject to existing liens, the liens are not impaired by a sale of the property by the receiver under an order of the court or chancellor to the making of which the lienholders were not parties.

3. RECEIVERS. *Order of sale by receiver of property subject to liens for undetermined amounts should not be made until lienholders made parties by notice or otherwise.*

An order for the sale by a receiver or property in his possession