447 So.2d 1275 (1984)
In re Inquiry Concerning Judge William ANDERSON.
No. 55037.
Supreme Court of Mississippi.
February 22, 1984.
As Modified April 11, 1984.
Luther T. Brantley, III, Jackson, for Mississippi Commission on Judicial Performance.
No brief filed for William Anderson.
Before BOWLING, PRATHER and ROBERTSON, JJ.
BOWLING, Justice, for the Court:
This cause is before the Court on recommendation of the Mississippi Commission on Judicial Performance made pursuant to Section 177A, of the Mississippi Constitution of 1890, as amended and Mississippi Code Annotated, Section 9-19-1, et seq. (1981).
A formal complaint was filed with the Mississippi Commission on Judicial Performance alleging (1) Judge Anderson received a filing fee of $7 from Gulf Finance Company on each of three occasions for the purpose of securing the issuance of a garnishment by Justice Anderson and that although *1276 the filing fee was paid to Justice Anderson, a garnishment was not issued and (2) Justice Anderson was serving as a Booneville City policeman at the same time he was serving as a duly elected Justice Court Judge and that this was constitutionally barred.
The members of the Commission on Judicial Performance conducted a full hearing on the charges and in its detailed findings of fact and conclusions of law, it found that Justice Anderson had not conformed to the canons of the Code of Judicial Conduct by receiving the funds and failing to issue the garnishment writs. For this offense the commission reprimanded Justice Anderson and recommended that this Court place a fine of $100 on Anderson.
The commission further found that Justice Anderson was in violation of the Judicial Code of Ethics by serving as a Booneville City policeman and a justice court judge at the same time.
We wish to commend the Commission on Judicial Performance and its organization under the amended Constitution and the laws passed by the legislature thereunder. Obviously, they have worked diligently and faithfully to improve the judicial system of this state. They are professional men, who give freely of their time and engage in sacrifices to perform their duty.
We take up the two charges against Justice Anderson in reverse order. We first discuss the question of whether or not a justice court judge may serve in that office and at the same time hold a job as a law enforcement official.
We hold that he cannot do so. It is elemental that a justice court judge is a member of the judicial branch of the government and police officers and other law enforcement officials are members of the executive branch. It is therefore inescapable that a person cannot be a part of both branches at the same time. Article I, Sections 1 and 2 of the Mississippi Constitution of 1890 clearly mandate that the above statement is correct. We recently have addressed this question in detail in the case of Alexander v. Allain, 441 So.2d 1329 (Miss. 1983).
The record and briefs before this Court reveal that Justice Anderson is no longer serving as a Booneville city policeman. Nowhere in the Constitution or the statutes do we find where a justice court judge is prohibited from taking a part-time job outside his judicial office. We do not specifically address that question here. We deal only with the above stated question; that is, that he cannot engage in a part-time job as a law enforcement official.[1]
We now discuss the complaint against Judge Anderson to the effect that he on three occasions during his first term in office, received a $7 filing fee to issue writs of garnishment and failed to do so. We carefully have studied the record and the testimony in the cause, and as stated by the Commission in its report to this Court, Justice Anderson, during the first part of his first term, did not familiarize himself sufficiently with the legal procedures of the office. The record shows without dispute that no part of the three filing fees for the garnishment writs requested by Gulf Finance Company was appropriated by Justice Anderson or placed in his personal account. They were placed in his justice court account and undisputedly by him would have been repaid to Gulf at any time on their request. In the meantime, Justice Anderson took action toward collecting the judgments or substantial parts thereon on behalf of Gulf. Admittedly, Gulf at the time they deposited a filing fee with Justice Anderson, did not complete a suggestion of garnishment in writing as required by MCA § 11-35-1 (1972). This could have been through ignorance of the law, even though it may be assumed that a finance company could be familiar with such procedures. Justice Anderson's testimony *1277 was that he had not become familiar with the details of issuing garnishments and that instead of doing so, he, as hereinbefore stated, attempted to collect the judgment from the judgment debtor.
We do not have before us the situations that existed as set out in In Re Branan, 419 So.2d 145 (Miss. 1982); In Re Lambert, 421 So.2d 1023 (Miss. 1982); and In Re Anderson, 412 So.2d 743 (Miss. 1982). The record does not show a wilful violation of the law or the judicial canons of ethics by Justice Anderson. He did not use the three filing fees personally. Undisputedly, they remained in the court account for distribution at a proper time. Unlike the cases mentioned above, the actions of Justice Anderson and Gulf Finance Company appear to have been caused by ignorance, rather than a disposition to do wrong. Even so, Justice Anderson technically, as found by the commission, violated canons of the Code of Judicial Conduct. We do not find that this was such a violation that a fine should be imposed on him. We, therefore, disagree with the commission to that extent and do not impose a fine on Justice Anderson. We, however, agree that the commission, in its effort to perform its proper duty, was correct in admonishing Justice Anderson and we approve and ratify that decision. Although as stated above, we find no wilfulness on the part of Justice Anderson, there was a technical violation.
We therefore affirm the finding of the commission that it was in error for Justice Anderson to serve as a justice court judge and a Booneville city policeman. This was a violation of the constitutional separation of powers hereinbefore stated.[2] We decline to impose a fine, but order that all costs be paid by Justice Anderson.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
NOTES
[1] The holding in this case does not affect the powers of civil officials [including judges of the Supreme, Circuit, Chancery, County and Justice Court Judges] from their duties as conservators of the peace pursuant to the Constitution of 1890 and applicable statutes: Article VI, § 167, Miss. Const. 1890; MCA §§ 9-1-23 and 99-15-1.
[2] What we say here in no way diminishes the duty of either a newly elected justice court judge or any other from taking advantage of the institutional and other learning opportunities now offered for that office.