466 So.2d 726 (1985)
Ulmer G. WILSON
v.
The CITY OF NEW ORLEANS.
No. CA-2551.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
Writ Granted May 13, 1985.
*727 Guy E. Wall, Gordon, Arata, McCollam, Stuart & Duplantis, New Orleans, for plaintiff-appellant.
Salvador Anzelmo, City Atty., Thomas W. Milliner, Deputy City Atty., New Orleans, for defendant-appellee.
Before BARRY, WARD and WILLIAMS, JJ.
BARRY, Judge.
Plaintiff appeals the dismissal of his suit seeking to enjoin the City of New Orleans and its agents from continuing to utilize the automobile immobilization device known as the "boot". We affirm.
Agents of the City of New Orleans placed a "boot" on plaintiff's car while it was legally parked. Plaintiff stipulated that twenty parking tickets had been affixed to the windshield of the car during the preceding year and he failed to contest the tickets or pay the penalties.
Upon discovering his car was "booted" plaintiff contacted the Parking Violations Bureau of the City and was informed the boot would be removed upon payment of the outstanding tickets and a $30.00 booting fee or the posting of a cash bond equal to that amount.
Plaintiff then sued for damages alleging deprivation of his automobile and requesting an injunction against use of the "boot", claiming unconstitutionality on due process grounds. The district court issued a temporary restraining order commanding the City to release plaintiff's car.
This case was consolidated with Roland Safe and Lock Company, Inc. v. The City of New Orleans and it was agreed to try the preliminary and permanent injunctions at the same time with plaintiff's claim for damages severed. The trial court upheld the constitutionality of the booting ordinances and only plaintiff appeals.
City of New Orleans Municipal Ordinances, Section 38-272 provides in relevant part:
Members of the Department of Police or the Department of Streets or their designated agents may immobilize or remove a vehicle from a street or highway to the Department Pound or other place of safety under the circumstances hereinafter enumerated:
* * * * * *
(4) When any vehicle is left unattended upon a street and against which vehicle there are three or more unpaid, recorded parking violations.
City of New Orleans, Municipal Ordinances, Section 38-274(b) provides:
Any unoccupied vehicle found on a street or highway against which there are three or more recorded and unpaid parking violations shall be immediately immobilized or towed and impounded, or both, by any police officer or other person duly authorized.
*728 The ordinances provide that in order to obtain release of an immobilized vehicle, the owner must post a cash bond in the amount of the fines and penalties plus towing, immobilization or storage fees, or plead guilty and pay the fines. If bond is posted, trial will be afforded within 72 hours.
Plaintiff challenges the constitutionality of this scheme on four grounds.
Plaintiff alleges the municipal ordinances are local laws authorizing self-help for debt collection. He argues the city's interest is not related to the health, safety or welfare of the public, but rather is a means of collecting fines. Plaintiff relies on United States v. Vertol H21c Reg. No. N8540, 545 F.2d 648 (9th Cir.1976) for the proposition that seizure of property for the sole purpose of collecting penalties constitutes a deprivation of due process.
Plaintiff's reliance on Vertol is misguided. There the Federal Aviation Administration seized a helicopter in order to recover fines due for violation of its regulations. The Court held the sole purpose for the seizure was to collect fines and the government's interest was insufficient to support the summary seizure of private property.
Vertol is distinguishable from this case. Testimony at trial showed the immobilization of vehicles is an important component of the City's comprehensive parking management plan. The "boot" serves a therapeutic governmental objective only incidentally related to fine collections. It is an enforcement mechanism which serves two purposes. It acts as a deterrent when others see that willful parking violations will be penalized and a specific deterrent to the habitual violator. Municipal Ordinances Sections 38-272 and 38-274 are part of the Municipal Criminal Code with the primary objective to deter lawlessness. See Gillam v. Landrieu, 455 F.Supp. 1030 (E.D.La. 1978).
Therefore, we find the ordinances are a proper enforcement measure under the City's police power to implement a comprehensive parking management plan in furtherance of public safety and convenience.
Plaintiff next contends the procedure deprives him of due process because there is no meaningful notice and/or reasonable opportunity to be heard prior to immobilization. We disagree.
The fundamental requirement of due process is the opportunity to be heard at a reasonable time and in a meaningful manner. Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); Breath v. Cronvich, 729 F.2d 1006 (5th Cir.1984). In determining the type of hearing required three factors must be weighed: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail. Mathews v. Eldridge, supra; Breath v. Cronvich, supra.
A hearing need not always take place before deprivation of a property interest. There are "extraordinary situations" that justify postponing notice and the opportunity for hearing. Breath v. Cronvich, supra. Deprivation of a property interest without opportunity for a prior hearing has been upheld when: (1) the deprivation is directly necessary to secure an important government or general public interest; (2) there is a special need for prompt action; (3) the person initiating the seizure is a government official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance. Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).
Plaintiff stipulated that during the preceding year twenty tickets were placed on his windshield and he personally received ten. The reverse side of each ticket contained the notice that failure to pay the ticket or request a hearing within fifteen *729 days would result in "the possible immobilization or impoundment of your vehicle." Thus the ticket(s) provided notice (and a warning) of his potential liability as a flagrant parking violator as well as an opportunity to be heard.
The practice of affixing tickets to a windshield satisfies due process because it constitutes service reasonably certain to provide notice of the violation. Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Patterson v. Cronin, 650 P.2d 531 (Col.1982).
Plaintiff argues this is not an "extraordinary situation" which would justify the application of Fuentes v. Shevin, supra.
Other jurisdictions have held that prior notice and hearing are not required to immobilize or two legally parked cars that have three or more unpaid, recorded parking violations. See Patterson v. Cronin, supra; Bane v. City of Boston, 8 Mass. App. 552, 396 N.E.2d 155 (1979); Bricker v. Craven, 391 F.Supp. 601 (D.Mass.1975). The three Fuentes guidelines for post-seizure notice and hearing are met here. First, the immobilization is directly necessary to protect the interests of local government in regulating the use of streets. The governmental interest in enforcing parking ordinances is obvious and important to the public's safety. Anyone who tries to park during rush hour is aware of the public safety and convenience problems caused by those who flaunt parking restrictions. The ordinances are aimed at deterring habituals by establishing a means of efficiently dealing with violators. Second, public convenience and safety require prompt and efficient enforcement of parking regulations, particularly as to this type of violator who must be searched out. Third, a police officer or deputized City employee must make a determination that parking laws have been violated before a vehicle can be subject to "booting." As other courts have noted, the determination that a car is illegally parked is cut and dry. As a result, there is little chance that lack of notice and a prior opportunity to be heard would prevent an unjust deprivation of a property interest. Patterson v. Cronin, supra; Sutton v. City of Milwaukee, 672 F.2d 644 (7th Cir.1982).
Further, and more importantly, the challenged ordinances provides a reasonable opportunity for a hearing shortly after seizure. North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975). Under Section 38-274 a person may obtain a trial within 72 hours of his request. This provision and the alternative of posting bond pending trial ensure procedural due process.
Plaintiff next maintains the procedure violates separation of powers under the Louisiana Constitution Art. II § 2 (1974). This issue was neither pleaded nor argued in the lower court and cannot be raised for the first time on appeal. Forstall v. Hotel Dieu Hospital, 429 So.2d 213 (La.App. 4th Cir.1983), writ denied, 433 So.2d 1054 (La.1983).
However, that doctrine applies only to the state and is not applicable to local governments. City of New Orleans v. Borey, 52 So.2d 728 (La.App.1951).
Last, plaintiff maintains the procedure creates a presumption of guilt. He argues the requirement that he pay the total amount of outstanding parking tickets plus the booting fee or post a cash bond equal to such sums amounts to "an impermissible coercing of plaintiff to waive his constitutional rights to trial and to admit his guilt." A similar contention was rejected in Bane v. City of Boston, supra, where that plaintiff claimed he was required to purchase justice; i.e., pay the tickets or post a bond. The court held:
The Legislature has seen fit to restrict access to towed cars to those who have paid their fines or those who have provided assurance that they will pay if required to do so. We cannot say that the city must release the only security it holds, the car, prior to disposition of the tickets. Its retention of the vehicles is *730 rationally related to its need to enforce traffic laws, and the restrictions the Legislature has placed on access to vehicles is permissible. Bane v. City of Boston, supra, 396 N.E.2d at 158.
Immobilization of plaintiff's car prior to an adjudication of guilt on prior uncontested parking violations and the requirement that a bond be posted for the vehicle's release does not amount to a presumption of guilt. Rather, it is an "appearance bond" designed to protect both the government interest in retaining security for the payment of fines and the owner's interest in the uninterrupted use of his automobile. Breath v. Cronvich, supra.
The very nature of "booting" is repugnant and an expensive inconvenience to the recalcitrant law violator. But the system is not the culprit and we find no constitutional basis to void the procedure.
The judgment is affirmed.
AFFIRMED.
WILLIAMS, J., concurs.
WARD, J., concurs with reasons.
WILLIAMS, Judge concurring.
I agree with Judge Ward's concurrence insofar as it would hold Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) inapplicable to this case because plaintiff had an opportunity for a hearing prior to the "seizure" of his car.
I do not, however, share Judge Ward's reservations about the constitutional implications of the use of a private corporation to handle these activities on behalf of the City.
WARD, Judge, concurring with reasons.
I concur in the affirmation of the Trial Court's decision. The majority finds the requirements of Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) have been met. However, I believe Fuentes is inapplicable because this case does not precisely involve a pre-hearing seizure of plaintiff's property.
The plaintiff, Ulmer Wilson, had been issued numerous parking tickets before his car was booted. Each ticket contained instructions for contesting the citation. The plaintiff ignored the tickets and failed to take advantage of the hearing he had been offered. Wilson had an opportunity for a hearing prior to the immobilization of his car; Fuentes applies only when there is no opportunity for a hearing prior to seizure.
Had Fuentes been applicable to this case, the City of New Orleans would have violated its requirement that "the person initiating the seizure has been a government official responsible for determining under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance."
The City of New Orleans contracts to Datacom, a private corporation, the responsibility for sending notices of delinquent parking tickets, setting court dates for contested tickets, and deciding which cars should be booted. The City Parking Administrator testified that the City's longrange goal is "to use [a] civilian force for ticket writing and civilian force for adjudication process." This means that the person responsible for deciding whether it is necessary and justifiable to boot a car is not a government official. In fact, the decision maker is not even a government employee but is a non-deputized employee of a private corporation.
The City's delegation of the authority to seize plaintiff's property to a private corporation and the subsequent seizure by booting of his car comes dangerously close to a violation of due process and the Fuentes requirement. I am concerned by the direction the City is taking in delegating its authority to private individuals and businesses who can seize property without a court order.
However, because it is my belief that the plaintiff had adequate notice and opportunity for a hearing, he was accorded due process. Therefore, I concur.