602 So.2d 873 (1992)
Jackie BALL
v.
Robert FITZPATRICK.
No. 90-CA-0359.
Supreme Court of Mississippi.
July 15, 1992.
*874 Wilbur O. Colom, Colom & Colom, Christy E. Massie, Columbus, for appellant.
Jeffrey C. Smith, Sims & Sims, Columbus, for appellee.
EN BANC.
ROY NOBLE LEE, Chief Justice, for the Court:
Jackie Ball appeals from the order entered by the Lowndes County Chancery Court which dismissed his complaint seeking declaratory relief, injunctive relief, and damages against Robert Fitzpatrick, raising three issues for review. We affirm.
Fitzpatrick holds two positions with the Lowndes County Governmental Unit: Veterans Administration Clerk and Inventory Control Clerk. His immediate supervisor is Robert Reynolds, County Administrator, who is employed by the Board of Supervisors (Board). The Board gives instructions to the County Administrator who in return transmits the orders to Fitzpatrick. The latter serves at the pleasure of the Board.
On July 3, 1989, Fitzpatrick was also sworn in as an elected member of the Council for the City of Columbus, Mississippi. According to Ball, Fitzpatrick was, in effect, serving in two separate departments of government  the executive and/or judicial and the legislative. Ball filed a complaint asserting that Fitzpatrick's conduct violated Article I of the Mississippi Constitution in that he could not serve or belong to two separate departments of government. Ball requested declaratory and injunctive relief and damages.
After trial, the Chancellor denied Ball's requested relief, determining that the two county positions held by Fitzpatrick were "ministerial" in nature and not public offices and that the Mississippi Constitution did not contemplate that these positions were ones in which the duties would be inconsistent or incompatible with the duties of an office in one of the other departments. All court costs were assessed to Ball. It is from this decision that Ball appeals.

I. DOES FITZPATRICK, AS TO EMPLOYMENT, EXERCISE POWERS BELONGING TO THE EXECUTIVE OR JUDICIAL DEPARTMENT OF GOVERNMENT FOR PURPOSES OF ARTICLE I, SECTION 2, OF THE MISSISSIPPI CONSTITUTION?
Ball contends that Fitzpatrick's position with Lowndes County and his position with the City of Columbus are held in violation of Miss. Const. art. I, §§ 1-2, which provides:
Section 1. The powers of the government of the state of Mississippi shall be divided into three distinct departments, and each of them confided to a separate *875 magistrate, to-wit: those which are legislative to one, those which are judicial to another, and those which are executive to another.
Section 2. No person or collection of persons, being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others. The acceptance of an office in either of said departments shall, of itself, and at once, vacate any and all offices held by the person so accepting in either of the other departments.
The separation of powers in the Mississippi Constitution is explicit. In discussing Article I, § 2, this Court has stated:
[T]he drafters of the 1890 Constitution intended to strengthen the constitutional mandate for separation of powers in this state.
Alexander v. State ex rel. Allain, 441 So.2d 1329, 1335 (Miss. 1983).
Ball contends that, as an employee of the Board, Fitzpatrick exercises executive and/or judicial powers. (Pursuant to Miss. Const. art. VI, § 170, a board of supervisors is a branch of the judiciary.) The position of veteran service officer is authorized by Miss. Code Ann. § 35-3-21 (1972). Although the statute refers to him as an officer and his campaign literature for City Council listed him as veteran service officer, Fitzpatrick maintains that his title is veteran service clerk as indicated in his job description. Fitzpatrick is also the inventory control clerk for the county.
As noted above, Article I, § 2 prohibits anyone in one department of government from exercising powers in another. The parties emphasize the distinction between "officer" and "clerk" because the term "officer" connotes a position with more authority than the term "clerk." According to Black's Law Dictionary 1107 (5th ed. 1979), "the essential characteristics of `public office' are (1) authority conferred by law, (2) fixed tenure of office, and (3) power to exercise some portion of sovereign functions of government; key element of such test is that `officer' is carrying out sovereign function."
In Broadus v. State ex rel. Cowan, 132 Miss. 828, 96 So. 745 (1923), a similar question was addressed. In Broadus, a member of the board of supervisors accepted the office of trustee of a school district. The complainant contended that the office of supervisor was in the judicial department and that of trustee was in the executive department. This Court held:
The question presented is not without difficulty. The line of demarcation between offices in one department and those in another is often troublesome to determine, because in many instances the duties of offices in different departments are so linked together and dependent upon each other as not to be wholly separate, yet they are substantially so.
... .
We think the office of school trustee is an administrative office, and would appear to have many duties of executive or ministerial, and quasi judicial character; and we are of [the] opinion the Constitution did not contemplate the office of district school trustee as being an office in one of the departments the duties of which would be inconsistent or incompatible with the duties of an office in one of the other departments.
The duties of a trustee are not wholly executive nor entirely judicial, but the office is largely ministerial, and we see no constitutional reason why a supervisor, an office in the judicial department, though also legislative and administrative in character, cannot consistently exercise the duties of the office of school trustee, which office is not in a wholly different department of the government as meant by section 2, art. 1 of our state Constitution. Therefore it is our judgment that the acceptance of the office of trustee by the appellant, Broadus, did not of itself vacate the office of supervisor held by him at the time.
Id. at 833, 96 So. at 746.
In Alexander, supra, this Court distinguished Broadus:

Broadus deals with separation of powers at the county level which, of course, is important, but it in no way is authority *876 for the contention that a member of the legislative department may exercise powers at the core of the executive power.

Alexander, 441 So.2d at 1337 (emphasis added). See also In Re Anderson, 447 So.2d 1275, 1276 (Miss. 1984), where this Court held that a person cannot serve as a justice court judge and a city law enforcement official.
In the case sub judice, the lower court's decision was based on its finding that Fitzpatrick's jobs with the Board are ministerial:
Without dispute the testimony shows the defendant as veteran's administration clerk does not have control over any employees. That he has no authority to set policy, has no fixed term of employment but serves at the pleasure of the board of supervisors. His primary duties are in aiding veterans and or their dependents in filling out forms for them to obtain benefits from the Veteran's Administration. .. .
... .
From the job description of veteran's administration clerk and the testimony at the hearing, it would be difficult to call such position other than a ministerial one. I am of the opinion that the Mississippi constitution did not contemplate the position of veteran's administration clerk as being an office in one of the departments, the duties of which would be inconsistent or incompatible with the duties of an office in one of the other departments.
... .
... With respect to defendant's duties as inventory control clerk, the job description shows that he is to issue inventory control numbers to be affixed to county assets, maintaining up-to-date inventory of all county assets, et cetera. The proof shows that he does not have any employees under his supervision and does not make policy. His boss is the county administrator. He has no fixed term of office but serves at the pleasure of the board of supervisors.
From the job description of inventory control clerk and the testimony at the trial, the Court finds that the duties of defendant ... as inventory clerk are largely ministerial.
The lower court further held that neither of the positions was a public office.
Given Fitzpatrick's job descriptions, the lower court did not err in determining that Fitzpatrick does not exercise executive and/or judicial powers for purposes of Article I, § 2. His duties as an employee of the Board do not allow him to exercise powers at the core of the executive or judicial departments.

II. DOES FITZPATRICK AS A MEMBER OF THE CITY COUNCIL OF COLUMBUS, MISSISSIPPI EXERCISE POWERS BELONGING TO THE LEGISLATIVE DEPARTMENT OF GOVERNMENT FOR PURPOSES OF ARTICLE I, SECTION 2, OF THE MISSISSIPPI CONSTITUTION?
Fitzpatrick concedes and the lower court correctly held that as a member of the City Council, he is a member of the legislative department of government.

III. SHOULD FITZPATRICK VACATE ANY OR ALL OFFICES HELD AS REQUIRED BY ARTICLE I, SECTION 2, OF THE MISSISSIPPI CONSTITUTION?
Since Fitzpatrick, as an employee of the Board, does not exercise any executive or judicial powers, he is not required to vacate any office for purposes of Article I, § 2. Ball, however, also contends that Fitzpatrick should have to vacate his office on the City Council by virtue of Section 18 of the Charter of Columbus, Mississippi (1884):
[I]f ... any councilman shall accept any other office in this state, the office of such ... councilman shall thereby become vacant... .
The charter was not introduced at trial. Ball contends that he referred to the charter in his brief to the lower court and that this Court should take judicial notice *877 of it since it is a public act. White v. Thomason, 310 So.2d 914, 917 (Miss. 1975). Even so, Ball did not allege in his complaint that Fitzpatrick's actions violated the charter and there was no testimony regarding any violation of the charter. Thus, this issue is not properly before this Court.
We note that the statute authorizing the position of veteran service officer has since been amended. Miss. Code Ann. § 35-3-21 (1972) now provides:
County veteran service officers may be employed, in the discretion of the boards of supervisors, either full time or part time, but may not hold any other elective or appointive position. However, this paragraph shall not apply to county veteran service officers who may be serving in such capacity before March 31, 1990.

(emphasis added). It appears that Fitzpatrick presently comes under the exception of the amended statute.
We hold that Fitzpatrick's positions with Lowndes County and his position with the City of Columbus are not held in violation of Miss. Const. art. I, §§ 1-2, in that his positions with the Board are ministerial and do not require that he exercise executive or judicial powers. The lower court's judgment is affirmed.
AFFIRMED.
DAN M. LEE, P.J. and PRATHER, ROBERTSON, and BANKS, JJ. concur.
BANKS, J., concurs with separate written opinion joined by ROBERTSON, J.
McRAE, J. dissents with separate written opinion joined by HAWKINS, P.J., and SULLIVAN and PITTMAN, JJ.
BANKS, Justice, concurring:
I concur in the result reached by the majority. In my view, however, we should abandon once and for all the idea that the constitutional doctrine of separation of powers applies to local government.
Article I, §§ 1, 2 of the Mississippi Constitution provides:
Section 1. The powers of the government of the state of Mississippi shall be divided into three distinct departments, and each of them confided to a separate magistracy, to-wit: those which are legislative to one, those which are judicial to another, and those which are executive to another.
Miss. Const. article I, § 1 (1890) (emphasis added). Nowhere in the state constitution is there mention that the separation of powers doctrine applies to local government.
One of the first cases in which this Court considered the doctrine of separation of powers with regard to local government is Broadus v. State, ex rel. Cowan, 132 Miss. 828, 96 So. 745 (1923). In Broadus, a suit was filed to oust from office a member of the Board of Supervisors of Harrison County, who was also a trustee of the school district. This Court examined the case as one involving separation of powers, without citation or analysis. It determined, however, that the position of trustee was not wholly executive or judicial and largely ministerial. It recognized that supervisors exercise legislative and executive duties, even though they are in the "judicial department". The court concluded there was no violation of the separation of powers doctrine.
This Court recognized the distinction between local and state government when it distinguished Broadus in Alexander v. State, By And Through Allain, 441 So.2d 1329 (Miss. 1983), as noted by the majority. At issue in Alexander was whether members of the legislature could serve on certain boards and commissions. Although we termed separation of powers at the local level "important", while distinguishing its application to state government, we did not examine the issue from the standpoint of whether such separation is required by our constitution. Id. at 1337.
The only case where the doctrine has actually been applied at the local level is in In re Anderson, 447 So.2d 1275 (Miss. 1984). In Anderson, this Court held that an individual who was serving as both a Justice Court Judge and a policeman was violating the doctrine of separation of powers. It is no doubt true that Justice Court *878 Judges are full-fledged members of our state judicial system and, therefore, officers of the judicial department at a state level. Finding that municipal police officers exercise executive powers of the state violative of the Art. I, Sec. 1 of our constitution is probably not justified. The result in Anderson is obtained more properly by reference to this Court's power to regulate inferior courts to assure a fair administration of justice. Surely, a judicial officer, who is also a policeman, is in a position where his impartiality might reasonably be questioned in criminal cases. To the extent that such cases are a major part of the judge's work, a rule prohibiting a part-time judge from holding such a position might be deemed reasonable.
Whether rightly or wrongly decided, however, Anderson does not control the situation presently before the Court. Here, there is no suggestion that a person has any office in state government. Nor is there a suggestion that a person exercises dual powers in any local governmental entity. Moreover, we recognize without question the fact that any number of officers exercise powers in more than one "department" of government at the local level.
Numerous other state courts, in construing the separation of powers doctrine in their own state constitutions, have held that the doctrine does not apply to local government, but only to state government. A number of reasons are cited. Some courts have held that the purpose of the separation of powers doctrine is to provide a check and balance for the three branches of government, and this system of checks and balances is not needed at the local level. Indeed, local government is kept in check by the various departments of state government. Courts of other jurisdictions have also recognized that official functions of local governments frequently overlap and local governments may perform executive, legislative, and judicial functions. If the doctrine of separation of powers applied to local governments, the cost of government at the local level may become "too burdensome to bear." Hubby v. Carpenter, 177 W. Va. 78, 350 S.E.2d 706, 710 (1986). See also, State, ex rel. Wilkinson v. Lane, 181 Ala. 646, 62 So. 31, 34 (1913) (doctrine of separation of powers has "no applicability, and [was] never intended to apply, to mere town or city governments or to mere town or city officials"); Ghent v. Zoning Commission, 220 Conn. 584, 600 A.2d 1010, 1012 (1991) ("The constitutional provision [of separation of powers] applies to the state and not to municipalities, which are governed by charters and other statutes enacted by the legislature."); Poynter v. Walling, 54 Del. 409, 177 A.2d 641 (1962) ("constitutional requirement of separation of powers of the three governmental departments applies to state government and not to the government of municipal corporations and their officers"); Tendler v. Thompson, 256 Ga. 633, 352 S.E.2d 388, 388 (1987) ("doctrine of separation of powers applies only to the state and not to municipalities or to county governments"); Willsey v. Newlon, 161 Ind. App. 332, 316 N.E.2d 390, 391 (1974) ("it has repeatedly been held that the separation of powers doctrine of Article III has no application at the local level"); Bryan v. Voss, 143 Ky. 422, 136 S.W. 884, 887 (1911) ("it has not been the policy of the state to separate legislative from executive function in its government of the municipalities"); Wilson v. City of New Orleans, 466 So.2d 726, 729 (La. App. 1985) ("doctrine applies only to the state and is not applicable to local governments"); County Council for Montgomery County v. Investors Funding Corp., 270 Md. 403, 312 A.2d 225, 243 (1973) ("constitutional doctrine of separation of powers is ... not applicable to local government"); State, ex rel. Simpson v. City of Mankato, 117 Minn. 458, 136 N.W. 264, 267 (1912) (separation of powers "does not apply to municipal governments"); Graziano v. Mayor and Township Committee, 162 N.J. Super. 552, 394 A.2d 103, 108 (1978) ("the separation of powers doctrine as it applies to federal and state governments is inapplicable to municipalities"); Board of County Commissioners v. Padilla, 111 N.M. 278, 804 P.2d 1097, 1102 (App. 1990) (The "[t]raditional doctrine derives from concern about the tyranny that can arise when one branch of government *879  the executive, legislative, or judicial  assumes the power of another. Apparently, because this danger is diminished for a level of government whose powers are subordinated to higher levels of government or otherwise limited, the New Mexico Constitution's provision on separation of powers ... does not apply to the distribution of power within local governments."); LaGuardia v. Smith, 288 N.Y. 1, 41 N.E.2d 153, 156 (1942) ("theory of co-ordinate, independent branches of government has been generally held to apply to the national system and to the states, but not the government of cities").
I would adopt the clear majority and better reasoned view that the doctrine of separation of powers does not apply to local government and decide this case on that basis.
ROBERTSON, J., joins this concurring opinion.
McRAE, Justice, dissenting:
I respectfully dissent. Robert Fitzpatrick's dual employment in the judicial and legislative branches of government violates the express commands of Article I, section 2 of the Mississippi Constitution. The record unequivocally demonstrates that Fitzpatrick occupies offices in more than one department of government. Further, it is clear that Fitzpatrick exercises power in the legislative department while belonging to and potentially being controlled by the judicial department. Fitzpatrick's conflicting allegiances create a situation where one branch of government is in a position to impermissibly influence the workings of another branch. I would hold that under § 2, Fitzpatrick's county offices became automatically vacated when he accepted a position on the Columbus City Counsel.
The majority misses the point of our Separation of Powers Clause by focusing on the term "office" and by erroneously assuming that the clause applies only to persons who exercise the power of "public office." The language of § 2 does not justify so narrow a construction. Section 2 does not even use the term "public office;" instead, it refers to "any and all offices." Thus, the plain wording of § 2 clearly applies to persons exercising any power in any office belonging to one of the three branches of government. According to Webster's Third New International Dictionary (1971), the term "office" refers not only to positions of governmental authority but also to any "assigned or assumed duty, task, or role" including "consulting, record keeping, [and] clerical work." (Emphasis added); see also Webster's New Dictionary of Synonyms (1973) (describing the term "office" as analogous to "task, job, chore, stint").
The majority does not deny that Fitzpatrick serves as both veteran service officer and inventory control clerk for the judicial branch of Lowndes County while simultaneously serving in the legislative branch of the city of Columbus. The majority also concedes that Miss. Code Ann. § 35-3-21 expressly characterizes the veteran service position as an "office" and that both county positions include record keeping and clerical functions. Even if (as the majority insists) Fitzpatrick's two county employments are merely clerical, it is clear that § 2 draws no distinction between ministerial offices and offices that have the power to effect policy. Section 2 expressly applies to "any" office. The word "any" is self explanatory. It is thus inescapable that Fitzpatrick occupies an "office" in both the judicial and legislative departments.
The majority also misconstrues § 2 by implying that one must "exercise power" in more than one department in order to violate the Separation of Powers Clause. The majority opinion concedes that Fitzpatrick exercises power in the legislative department as a member of the Columbus City Counsel. It seeks to discount Fitzpatrick's offices with the Lowndes County Board of Supervisors, however, by noting that "[h]is duties as an employee of the Board do not allow him to exercise powers at the core of the executive or judicial departments." The majority reasons that since Fitzpatrick's duties as an employee of the Board are ministerial, then he does not *880 "exercise power" in the judicial branch and thus does not come within the strictures of the Separation of Powers Clause.
Contrary to the majority's assumption, one need not actually exercise power in two or more branches of government in order to run afoul of the Separation of Powers Clause. Section 2 requires that "no person ... belonging to one of ... [the three branches of government] shall exercise any power properly belonging to either of the others." The majority fails to observe that the proscription found in Section 2 applies not only where a person exercises power in more than one branch of government, but also where a person exercises power in one branch of government while merely "belonging to" another. No one has even argued that Fitzpatrick, as an employee of the Lowndes County Board of Supervisors, does not "belong to" the judicial branch of local government. Likewise, no one has even argued that Fitzpatrick does not "exercise power" in the legislative branch of local government as a member of the Columbus City Counsel. Since Fitzpatrick clearly "belongs to" one branch of government and "exercises power" in another, his position cannot be reconciled with the Separation of Powers Clause.
Quoting James Madison, this Court recognized in Alexander v. State ex rel. Allain, 441 So.2d 1329 (Miss. 1983), that the Separation of Powers Clause is based on the principle
that the powers properly belonging to one of the departments ought not to be directly and completely administered by either of the other departments. It is equally evident, that none of them ought to possess directly or indirectly, an overruling influence over the others in the administration of their respective powers.
Alexander v. State ex rel. Allain, 441 So.2d 1329 (Miss. 1983) (quoting The Federalist, No. 48 (J. Madison) (J. Cooke ed. 1961)) (emphasis added). The language contained in Section 2 reflects the wisdom of the framers. The writers of Section 2, like Madison, knew that if a person exercises power in one department, the manner in which he exercises that power can be influenced by his allegiance to another department, regardless of whether he "exercises power" in the other department.
That danger is clearly evident in the case now before us. Fitzpatrick gains a substantial portion of his livelihood through his employment by the Board of Supervisors. As the majority acknowledges, he serves at the Board's pleasure. If a matter were to come before the Columbus City Counsel in which the county Board of Supervisors had an interest, the Board could potentially exert considerable pressure upon Fitzpatrick to cast a vote favorable to the Board. Indeed, since Fitzpatrick is an employee at will of the county, the Board could easily terminate his employment if his votes on the Columbus City Counsel ran counter to the County's interests. Potential conflicts between county and city government are innumerable: Waste management, garbage collection, taxes, schools  all involve matters in which cities and counties may have conflicting or competing interests. Fitzpatrick's dual employment thus affords the Lowndes County Board of Supervisors an opportunity to exert an indirect overruling influence over the Columbus City Counsel. So long as Fitzpatrick is employed at the pleasure of the county, the citizens of Columbus can never be confident that they are receiving full and loyal representation on their city counsel. This is the risk against which Madison warned and which the drafters of our state constitution sought to prevent in Article I, § 2.
The majority makes much todo about Broadus v. State ex rel. Cowan, 132 Miss. 828, 96 So. 745 (1923). Broadus, however, is entirely distinguishable from the present case. In Broadus, this Court held that dual employment as a school trustee and as a county supervisor did not violate the Separation of Powers Clause. The Court observed that since the duties of a school trustee were partly judicial, the office of school trustee "is not in a wholly different department of the government" than a Board of Supervisors.
*881 The Broadus rationale does not apply here. In Broadus, the dual employee answered to the county in both positions. In 1923 when Broadus was decided, the county was an amorphous body with no operative distinction between the executive, the legislative, and the judicial. Even today, there are no clear lines of demarcation separating the various departments of county government. There are very clear distinctions, however, between county and city government. If Broadus had involved a conflict between employment by the county Board of Supervisors and employment by a city school counsel, the result might well have been different.
Fitzpatrick, unlike Broadus, is a member of both county and city government. Further, he is a member of the Columbus City Counsel, a distinctly legislative body; Fitzpatrick's position as employee of the county Board of Supervisors in situated, by virtue of Miss. Const. art. 6, § 170, within the judicial branch. Consequently, Fitzpatrick impermissibly holds employment in two "wholly different" branches of government.
It appears that the majority may be concerned with the possibility that some small towns or county governments will not have enough people to fill all positions in county and city government if the three branches are separated at the local level. Winking at the clear mandates of our Separation of Powers Clause, the majority purports to solve this perceived problem by blurring the lines of demarcation between the departments of government. If small towns and counties truly have trouble filling the positions of local government, then perhaps these communities should consider merging their town and county governments into one. This solution is by far preferable to diluting the fundamental principles on which our constitution is built.
The second sentence of Section 2 proclaims that "[t]he acceptance of an office in either of said departments shall, of itself, and at once vacate any and all offices held by the person so accepting in either of the other departments." This mandate is clear and unequivocable. When Fitzpatrick became a member of the legislative department by virtue of his election to the Columbus City Counsel, his offices in the county judicial department were automatically vacated by operation of law. I would so hold.
HAWKINS, P.J., and SULLIVAN and PITTMAN, JJ., join this opinion.