## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 95-CA-01083-SCT

*STATE OF MISSISSIPPI*

*v.*

*MISSISSIPPI ASSOCIATION OF SUPERVISORS, INC.; HINDS COUNTY, MISSISSIPPI AND WASHINGTON COUNTY, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/16/95 |
| TRIAL JUDGE: | HON. ROBERT LEWIS GIBBS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JIM FRAISER |
| ATTORNEYS FOR APPELLEES: | TOMMIE S. CARDIN & SAMUEL W. KEYES, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 9/25/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/16/97 |

**BEFORE DAN LEE, C.J., McRAE AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. The State of Mississippi appeals the judgment of the Hinds County Circuit Court, wherein the trial court ruled that legislative bills passed into statute were unconstitutional in that they violated Art. 6, § 170 of the Mississippi Constitution of 1890 which gives exclusive jurisdiction over roads, bridges, and ferries to the boards of supervisors of the counties of the State. We find that the statutes are unconstitutional in that they remove discretion over the maximum vehicle weight limits on county roads from the county boards of supervisors and vests this authority in the Mississippi Department of Transportation.

### FACTS

¶2. Senate Bill 2476 was approved and passed into law on March 23, 1994, effective July 1, 1994. The effect of Senate Bill 2476 was that it amended Miss. Code Ann. § 27-19-81 and § 63-5-33 to allow operators of vehicles hauling sand, gravel, fill dirt, agricultural products or unprocessed

forestry products to apply for a harvest permit to be issued by the Mississippi Transportation Commission for the purpose of authorizing such vehicles to operate on non-federal highways within the state at a maximum weight of 84,000 pounds. The harvest permit holder is required to designate the roads to be traveled, and provide written notice to the county board of supervisors when hauling operations are anticipated in the county. The board of supervisors then has two working days to notify the permit holder of any alternate county of any alternate route along which the board would prefer the permit holder to operate. Failure to notify the permit holder within the prescribed time frame is taken as authorization for the permit holder to proceed as requested.

¶3. On February 14, 1995, the Mississippi Association of Supervisors and Hinds and Washington Counties filed and action for declaratory relief naming the State of Mississippi as defendant. They contended that the harvest permit provisions of Senate Bill 2476 violated Art. 6, § 170, Miss. Const. (1890) which delegates full jurisdiction over county roads and bridges to the boards of supervisors.

¶4. The Association and the Counties moved for summary judgment without opposition from the State since both parties agreed that the issue was solely a question of law, properly to be decided by a judge since no material facts were in issue. Both sides filed affidavits in support of their motions. The plaintiffs filed the affidavit of William N. Lancaster, an assistant State Aid Engineer for the Department of Transportation, Office of State Aid Road Construction. His affidavit stated that the vast majority of state aid and county roads and bridges were designed to accommodate a maximum weight of less than 57,650 pounds, and that there are currently no state aid or county roads in the state designed to handled loads of 84,000 pounds. The State filed the affidavits of state Senator Joseph Stogner, who sponsored the bill, and Richard Reeves, the executive director of the Mississippi Loggers' Association. Stogner's affidavit stated that as sponsor of the bill, he could testify that the legislative intent was to make the state's timber industry competitive with that of surrounding states, all of which have higher load limits than that allowed in Mississippi. He also stated that the bill allowed for some measure of uniformity and prevented supervisors from playing favorites among logging companies operating in their respective counties. The affidavit of Reeves stated that supervisors were selectively enforcing fines for logging trucks carrying above the maximum loads. As a result, timber owners had a difficult time getting their product to market at a reasonable price because loggers were being fined out of their profit.

¶5. The motion for summary judgment was granted on September 26, 1995 by order of the court holding that the legislature in Senate Bill 2476, § 27-19-81 and § 63-5-33 inappropriately transferred power from the Board of Supervisors to the Mississippi Transportation Commission, which the judge opined that the Mississippi legislature is not empowered to do. Aggrieved, the State of Mississippi appeals.

## STANDARD OF REVIEW

¶6. Our constitutional scheme contemplates the power of judicial review of legislative enactments. *In Interest of R.G.*, 632 So. 2d 953, 955 (Miss. 1994); *Alexander v. State ex rel. Allain*, 441 So. 2d 1329, 1333 (Miss. 1983). However, that power may be exercised affirmatively only where the legislation under review may be found in palpable conflict with some plain provision of the constitution. *In the Interest of T.L.C.*, 566 So. 2d 691, 696 (Miss. 1990). Statutes come before us clothed with a heavy presumption of constitutional validity. *In the Interest of R.G.*, 632 So. 2d at

955. The party challenging the constitutionality of a statute is burdened with carrying his case beyond a reasonable doubt before this Court has authority to hold the statute, in whole or in part, of no force or effect. *Id.*

## <u>DISCUSSION OF LAW</u>

**WHETHER THE LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT DECLARING SENATE BILL 2476 UNCONSTITUTIONAL.**

¶7. The State argues that the newly enacted statute does not offend the Mississippi Constitution because the legislature may regulate the respective supervisors in their exercise of the powers granted to them under § 170 so long as the regulation does not fully divest the supervisors of their jurisdiction as granted by § 170.

¶8. The appellees argue that the statute divests the county boards of their authority to set maximum weights on their respective roads and bridges, and of discretion to reduce 84,000 pounds weight limit imposed by the state, notwithstanding that their are no county roads in the state designed to carry loads of that magnitude. As such, they argue that the language of the statute is more than mere regulation of the manner by which the counties exercise their constitutional prerogatives. Rather, they argue, this statute represents an inappropriate transfer of power from the boards of supervisors to the Mississippi Transportation Commission in contravention of the constitution.

¶9. In support of their respective arguments, the parties primarily cite the same cases, therefore, resolution of this case is dependent upon how the Court interprets those cases.

¶10. Art. 6, § 170, Miss. Const. (1890) states in pertinent part:

> The board of supervisors shall have full jurisdiction over, roads, ferries, and bridges, to be exercised in accordance with such regulations as the legislature may prescribe . . .

¶11. The Association and the Counties argue that the term "full jurisdiction" implies an absence of reservation to dispose of a matter fully. ***State v. Marshall***, 100 Miss. 626, 642, 56 So. 792, 796 (1911). In the case of ***Seal v. Donnelly***, 60 Miss.658, 662 (1882), this Court stated that:

> While full jurisdiction is by the Constitution given to the boards of supervisors over roads, ferries, and bridges, it is a jurisdiction to be exercised in conformity with the laws to be enacted by the general legislative assembly of the state, and not an unlimited or illimitable power to deal with these important public interests at their pleasure. The right to deal with these subjects cannot be taken from them and confided in any other magistracy, but the mode and manner of their dealing is regulated by and must conform to the Sovereign will as announced through the legislature.

¶12. As a result, the Court held that the board of police of Harrison County (the precursor to the board of supervisors) overstepped their constitutional boundaries by preventing more than one ferry from operating within certain limits, thereby creating a monopoly for a private ferry operator. The question in the case *sub judice* is whether or not the legislature overstepped its boundaries in effectively creating uniform weight limits on county roads.

¶13. In ***Bd. Of Supervisors of Quitman Co. v. Self***, 156 Miss. 273, 125 So. 828, 832 (1930), this Court held that the legislature could not deprive supervisors of their discretion. As a result, the recommendations of legislatively enacted road commissioners as to which county roads to improve were advisory, and could be accepted or rejected by the supervisors.

¶14. In ***Hudson v. Farrish Gravel Co., Inc.***, 279 So. 2d 630, 634 (Miss. 1973), this Court explicitly stated that "the Board of Supervisors has the authority and, of course, it is the duty of the Board to restrict load limits on roads where such loads are likely to injure or destroy the roads."

¶15. However, in ***Andrews v. Waste Control, Inc.***, 409 So. 2d 707 (Miss. 1982) this Court found that the Warren County Board of Supervisors did not have the authority to restrict the weight on a county road without regard to tire width, as was required by Miss. Code Ann. § 65-7-51 (1972). Nonetheless, the Court stated that "nothing contained herein should be construed to limit the board's power to regulate weight limitations over roads within its jurisdiction provided that the language of the statute is complied with both as to tire width and maximum load." ***Id.*** at 713. That statute is unrelated to the disposition of this case.

¶16. In ***Waste Control, Inc. v. Tart***, 506 So. 2d 286, 289 (Miss. 1987). This Court upheld the Warren County Board of Supervisors when it prevented a waste disposal company from traveling over a county road with loads that routinely exceeded the maximum amount allowable for that road. The court noted that the legislature had subsequently amended the statute requiring the county to take tire width into consideration, and therefore, the regulation of the tire width was in the discretion of the board of supervisors.

¶17. We find that the gist of all these cases is that the legislature may regulate the boards of supervisors in their exercise of their discretion, so long as it does not remove that discretion in any way. If that discretion is removed in any way, then the legislature could logically continue to remove the powers of the county supervisors one at a time until any remaining jurisdiction would be only nominal. The state may properly set a statewide maximum load limit, but would be restricted from preventing the counties from setting lower load limits at their own discretion. An analogy to this situation would be speed limits. The state has set a maximum speed limit of seventy miles per hour on interstate highways, pursuant to a grant of federal power for the state to determine the maximum limits within its borders. County boards of supervisors cannot then set the maximum speed limits for their respective counties at rates above seventy miles per hour, though they are not restricted from setting speed limits at a lower rate depending upon the area. For instance, a residential section of a county may have a speed limit of twenty miles an hour while a less populated, but heavily traveled area may have a speed limit of fifty miles an hour. Likewise, the legislature cannot pass a law allowing vehicles to travel at seventy miles an hour in a residential section of a county or municipality in the interest of uniformity. This would clearly go against the Constitution as well as against common sense.

¶18. The legislation at issue is no different from the example above in that once a logger has a permit from the State Transportation Commission, the county board of supervisors has no discretion to veto that logger's right to travel on the grounds that the load carried is too heavy. Their only discretion is as to the selection of the route traveled. The essential result is that the state leaves the county the discretion and jurisdiction to do nothing more than repair the road once it has been damaged by

weights exceeding its design capacity. The only discretion exercised is that of the Transportation Commission, who decides whether or not to grant a harvest permit to an applicant. Once the applicant has the permit, the only authority which can be exercised by the county is to determine which route that he permit holder should best travel to cause the least damage. The result is no discretion at all for the counties. As a result, we affirm the judgment of the trial court.

## CONCLUSION

¶19. Because the practical effect of the legislation at issue is to remove the discretion exercised by the respective county boards of supervisors in contravention of the constitution, the Court affirms the trial judge and strikes down the legislation at issue.

¶20. **JUDGMENT AFFIRMED**.

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE AND ROBERTS, JJ., CONCUR. LEE, C.J., AND BANKS, J., CONCUR IN RESULT ONLY. MILLS, J., NOT PARTICIPATING.**